## Case No. 16,367.

### UNITED STATES v. SPENCER et al.

[2 McLean, 265.] [1]

Circuit Court, D. Indiana. Nov., 1840.

OFFICIAL BONDS—RECEIVER OF PUBLIC MONEY—
LIABILITY OF SURETIES.

[The sureties on the bond of a receiver of public moneys are only liable for money which came into his hands during his term of office, and a declaration for money received on the day after the expiration of his term is bad on demurrer.]

At law.

Mr. Pettit, U. S. Dist. Atty.
Messrs. Cooper, Butler; and O. H. Smith, for defendants.

## Case No. 16,368.

### UNITED STATES v. SPENCER et al.

[2 McLean, 405.] [1]

Circuit Court, D. Indiana. May Term, 1841.

ACTIONS ON BONDS — PLEADING AND PRACTICE —
RECEIVER'S BOND—LIABILITY OF SURETIES.

1. Nil debet, when pleaded to a declaration on a penal bond, where breaches are assigned, will not be set aside, on motion, but must be demurred to.

2. Where a plea sets up no new matter of defence it may be set aside on motion.

3. The sureties, in a receiver's bond, can only be made liable for moneys received by the receiver subsequently to the date of the bond. And if the bond bears date some months after the official term of the receiver commenced, the declaration is defective, if it do not show the receipt of the money after the date of the bond,

and before the expiration of the official term of the receiver.

4. A demurrer, filed by the plaintiff, to a plea of defendant, will test the goodness of the declaration.

[For a decision on demurrer to the declaration, see Case No. 16,367.]

Mr. Petitt, U. S. Dist. Atty.
Fletcher & Butler, for defendants.

OPINION OF THE COURT. This action is brought on a bond, in the penalty of $200,000, given by Spencer as receiver of public moneys, and his sureties. The declaration states that Spencer was appointed receiver of public moneys the 1st January, 1835, for the term of four years, ending the 31st December, 1839; and that divers large sums of money, arising from the sale of lands, came into and were in his possession during his term in office, &c., which he failed to pay over, &c. In the first count the defalcation is alleged to be the sum of thirty three thousand three hundred thirty nine dollars and sixty eight cents; and in the second, forty thousand dollars. The bond bears date some three or four months subsequently to the date of the appointment, and the condition is that the said Spencer shall faithfully execute and discharge the duties of his office, then the obligation to be void, &c. The time of appointment is stated in the bond.

The defendant filed the following pleas: (1) The plea of nil debet. (2) That Spencer has well and truly discharged the duties of receiver. (3) That he has paid over the sum of $33,339.65, the defalcation alleged in the first count of the declaration. (4) That defendants have paid over to the government $40,000, the defalcation alleged in the second count. (5) That defendants have paid over to the government the debt in the declaration mentioned, to wit, $200,000.

The district attorney moved the court to set aside the first, second and fifth pleas. The plea of nil debet has been abolished in England (Reg. Gen. Hil. Term, 4 Wm. IV.), but it remains in this country subject to the same rules by which it was formerly regulated in England. And Mr. Chitty says, in his Pleading (volume 1 [Ed. 1837] 552). "that where the plea, though informal, goes to the substance of the action, on nil debet to debt on bond, the plaintiff should demur and not sign judgment; and, in general, where the defendants file an improper plea, the safer course is to demur or move the court to set it aside." And again, in page 518. "when the deed is the foundation of the action, although extrinsic facts are mixed with it, the defendant, if he deny his execution of the deed set forth in the declaration, should plead non est factum, and nil debet is not a sufficient plea. 1 Saund. 38, note 3; Id. 187a, note 2. But in debt for a penalty on articles of agreement, or on a bail bond, or on a bond setting out the condition and breach, if nil debet be pleaded the plaintiff ought to demur." The motion to set aside

this plea is, therefore, overruled. If the plaintiff wish to raise the question whether it is a proper plea in this case he must raise it by demurrer.

The court, also, overrule the motion as to the second plea but they sustain is as to the fifth. The fifth plea sets up that the defendants have paid the debt in the declaration named, to wit, the sum of two hundred thousand dollars. Now the third and fourth pleas allege the payment of the defalcations averred in the first and second counts, and either of these pleas, especially the latter, if sustained, is a full discharge from the bond. Why then can it be necessary, or even proper, to add the fifth plea, as to the payment of the penalty? The breaches are specially assigned in the declaration, and the plaintiffs, in the recovery of damages, are limited to the breaches assigned. They cannot go beyond them. If the action were brought for the penalty, the fifth plea would undoubtedly be proper, as it contains a full answer to such a demand. But the plaintiffs go for the amount of the defalcations and nothing more; and as the third and fourth pleas contain full answers to these, and no other or different effect can be given to the defence set up in the fifth plea, we think it may be set aside. It sets up no new matter of defence, and it unnecessarily, therefore, encumbers the record.

The plaintiffs having filed a demurrer to the first plea, the defendants' counsel ask the attention of the court to the form and substance of the declaration. The breaches are the nonpayment, by Spencer, of certain sums of money received by him during his official term, and it appears the bond was not executed until some months after the commencement of his official term. And it is insisted that the sureties are not responsible for any moneys received by Spencer before the date of the bond. That the sureties are only liable for moneys received by the receiver subsequently to the date of the bond, and before the expiration of his term, is clear; and it is equally clear that this liability must be shown, by proper averments, in the declaration. In this respect, the declaration is fatally defective. It does not show that the sureties are bound to pay any part of the defalcations charged. U. S. v. Boyd, 15 Pet. [40 U. S.] 206.

On motion leave is given to amend the declaration. The demurrer is sustained to the plea of nil debet.